**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EVERGREEN SOLAR, INC., | ) | Case No. 11-12590 (MFW) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| U.S. BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 13-50486 (MFW) |
| | ) | |
| DHL GLOBAL FORWARDING | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Before the Court is the Motion of DHL Global Forwarding ("DHL"), for judgment on the pleadings on the preference Complaint filed by U.S. Bank National Association (the "Plaintiff").[1] In its Motion, DHL asserts that the Complaint against it is partially barred by the release of certain preference claims. Because the Court finds that the claim against DHL was not released, the Motion will be denied.

I. BACKGROUND

The Debtor, Evergreen Solar, Inc., filed a voluntary

---

[1] U.S. Bank acts solely in its capacities as indenture trustee and collateral agent for the Senior Secured Notes, and not in its individual capacity.

petition under chapter 11 of the Bankruptcy Code on August 15, 2011.  The Plaintiff, on behalf of itself and certain unaffiliated holders of senior secured notes (the "Noteholders"), asserted security interests in substantially all of the Debtor's assets.  On or about February 8, 2012, the Debtor, the official committee of unsecured creditors, the Noteholders, and the Plaintiff entered into a stipulation settling the Plaintiff's claims against the Debtor's estate (the "Settlement Agreement"), which was approved by the Court.  As part of the Settlement Agreement, the Debtor agreed to transfer to the Plaintiff all preference claims of $60,000 or greater, while releasing all preference claims less than $60,000 (the "Release Provision").

The Debtor's Plan of Liquidation (the "Confirmed Plan") was confirmed and approved by Order dated July 13, 2012 (the "Confirmation Order").  Both the Confirmed Plan and the Confirmation Order incorporate the Settlement Agreement.

On January 23, 2013, the Plaintiff initiated the instant adversary proceeding to avoid eleven allegedly preferential transfers totaling $200,960.62 (the "Transfers").  DHL filed the instant Motion for Judgment on the Pleadings, seeking dismissal of the suit for ten of the transfers because each amounts to less than $60,000.

II. <u>JURISDICTION</u>

The Court has jurisdiction over this core proceeding. 28 U.S.C. §§ 1334(b) & 157(b).

III. <u>DISCUSSION</u>

A. <u>Standard of Review</u>

The standards governing a motion under Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings are the same as those governing a Rule 12(b)(6) motion to dismiss.[2] <u>Spruill v. Gillis</u>, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (noting that there is "no material difference in the applicable legal standards" between a Rule 12(b)(6) and a Rule 12(c) motion). A complaint can be dismissed under Rule 12(b)(6) or Rule 12(c) if the claims asserted in the complaint were released. See, e.g., <u>Wilmington Trust Co. v. Calhoun (In re Geotek Commc'ns, Inc.)</u>, 282 B.R. 165, 168-69 (Bankr. D. Del. 2002) (dismissing a proceeding under Rule 12(c) where the complaint asserted claims previously released by the debtor's confirmed plan).

In considering a motion to dismiss or motion for judgement on the pleadings, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in

---

[2] Rule 7012 of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b)-(i) of the Federal Rules of Civil Procedure in adversary proceedings.

3

the record of the case". Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). A court may also consider indisputably authentic documents that are referenced in or relied upon by the complaint. Spruill, 372 F.3d at 223 (holding that indisputable authentic documents relating to a complaint could be considered on a motion for judgment on the pleadings).

   B.   Standing

The Plaintiff argues that DHL cannot suggest its own interpretation of the Settlement Agreement because it was not one of the settling parties. In support of this argument, the Plaintiff cites to the case of Eichenholtz v. Brennan, in which the Third Circuit remarked that, ordinarily, "[n]on settling defendants . . . lack standing to object to a partial settlement," unless the settlement strips the non settling defendant "of a legal claim or cause of action." 52 F.3d 478, 482 (3d Cir. 1995).

Here, however, as the Plaintiff acknowledges, DHL is not objecting to the Settlement Agreement. Rather, DHL seeks dismissal of the claims against it based on its belief that such claims were released by the Release Provision. The Plaintiff asserts, however, that this situation is analogous to Eichenholtz because DHL has no legal claim or cause of action against the Plaintiffs.

DHL argues that, as an intended beneficiary of the Release Provision, it is entitled to seek enforcement of the Release against the Plaintiff.  See MBIA Ins. Corp. v. Royal Indem. Co., 294 F. Supp. 2d 606, 611 (D. Del. 2003) (noting that a third party beneficiary has standing to sue for specific performance of a contract).  DHL further notes that, as incorporated in the Confirmed Plan, the Release Provision is binding on all creditors, including DHL, thereby providing DHL with standing to seek enforcement of that provision.  See, e.g., Geotek, 282 B.R. at 169 (dismissing a liquidating trust's adversary proceeding against a debtor's director because the cause of action was released by the debtor's confirmed plan of reorganization).

The Court agrees with DHL.  A defendant to a lawsuit has standing to argue that the claims raised against it have been released.  Geotek, 282 B.R. at 169.  DHL therefore has standing to seek enforcement of the Release Provision.

In addition, if DHL is correct, then the Plaintiff has no standing to bring an adversary proceeding against DHL for the released claims.  Cf. In re AmeriServe Food Distrib., Inc., 315 B.R. 24, 31 (Bankr. D. Del. 2004) (finding that the plaintiff had standing to pursue preference actions that were transferred to it under the debtor's confirmed chapter 11 plan).  Courts must consider the issue of standing, even if not raised by the parties.  Frempong v. Nat'l City Bank of Indiana, 452 F. App'x

5

167, 170 (3d Cir. 2011) ("Courts are obligated to raise the issue of standing sua sponte.") (citing FOCUS v. Allegheny Cty Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996)).  Therefore, the issue of whether the preference claims against DHL were among those transferred to the Plaintiff, as opposed to those released by the Debtors, must be addressed by the Court.

    C.    The Release Provision

The Release Provision states that "all claims for the avoidance or recovery of transfers in the amount of $59,999.99 or less . . . shall be released.  For the avoidance of doubt, all preference claims in the amount of $60,000 or greater shall be transferred to [the Plaintiff] . . . ."  Settlement Approval Order at ¶ 12.

DHL argues that this Release Provision should be read to prevent the Plaintiff from asserting any preference claim to avoid an individual transfer of less than $60,000.  This interpretation of the Release Provision would protect ten of the eleven transfers identified by the adversary complaint, each of which falls below the $60,000 threshold.  To support this argument DHL calls attention to the use of the word "transfers" in the Release Provision and the failure of the parties to specify that the threshold amount was an aggregate of all transfers to be avoided in a particular case.

The Plaintiff interprets the Release Provision to apply a $60,000 threshold for the aggregate of all transfers sought to be avoided in a particular adversary proceeding.  This interpretation would allow the Plaintiff to proceed with its adversary proceeding, which seeks to recover an aggregate of $200,960.62, without excluding any of the subject transfers.  The Plaintiff argues that the Release Provision transfers or releases "claims" as opposed to transfers and that a claim can include multiple transfers.

The Court agrees with the Plaintiff.  While each transfer can constitute a separate claim under section 547, the Release Provision applies to claims (plural) which are below $60,000.  The plain language of the Release Provision releases "<u>claims</u> for the avoidance or recovery of transfers," which fall below $60,000.  <u>Id.</u>  The phrase "of $59,999.99 or less" modifies "claims" <u>not</u> "transfers."  This is clear from the next sentence, where "preference claims in the amount of $60,000 or greater" are transferred to the Plaintiff.  Therefore, the Court finds that the Plaintiff's interpretation of the Release Provision is the most logical.  The intent was to release claims against a defendant if the aggregate preference claims against that defendant were less than $60,000.  Consequently, the Court concludes that the Plaintiff's claim against DHL to recover $200,960.62 in preferential transfers was not released.

7

III. <u>CONCLUSION</u>

For the reasons stated above, DHL's Motion for Judgment on the Pleadings will be denied.

An appropriate Order is attached.

Dated: January 28, 2014          BY THE COURT:

*Mary F. Walrath*
Mary F. Walrath
United States Bankruptcy Judge